# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| ELISEO GARCIA<br>    Fed. Reg. No. 57842-180 | CIVIL ACTION NO. 09-0040 |
| VS. | SECTION P |
| BRUCE HENDERSON, ET AL. | JUDGE MELANÇON |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Eliseo Garcia, is an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. On January 9, 2009, Garcia filed the instant civil complaint against Bruce Henderson and Raymundo Martinez, agents of the Department of Homeland Security/Immigrations and Customs Enforcement (DHS/ICE).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the action be **TRANSFERRED** to the Austin Division of the United States District Court for the Western District of Texas.

### *Statement of the Case*

Plaintiff alleges that on March 22, 2006, the defendant agents of the Department of Homeland Security/Immigrations and Customs Enforcement (DHS/ICE), Bruce

Henderson and Raymundo Martinez, trespassed on his Dale, Texas property, illegally entered his home without a proper search warrant, mistreated him by pushing him to the floor, handcuffing him and threatening him with a gun in front of his children, mistreated his family, and unlawfully seized and impounded two vehicles and $3,880 in cash. The vehicles and cash were forfeited under provisions of the INA and Title 8 of the United States Code. [*See* rec. doc. 1-4, p. 9-11]. Plaintiff seeks the return of his property and monetary damages for physical and emotional injuries suffered by him and his family.

## *Law and Analysis*

Plaintiff sues agents of the federal government in their individual capacities. Read liberally, he complains that these federal actors deprived him of property and liberty without due process, that his home was unlawfully searched, that he was unlawfully arrested and that he was subjected to the use of excessive force during his arrest. As such, plaintiff's claim arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Venue in a *Bivens* action seeking money damages from federal agents in their individual capacities is governed by § 1391(b). *Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (rejecting application of § 1391(e) in *Bivens* actions against federal agents);

2

*Jennings v. Federal Bureau of Prisons*, 2009 WL 195875, *2 (W.D.La. 2009). *See also Cameron v. Thornburgh*, 983 F.2d 253256-258 (D.C. Cir. 1993); *Pollack v. Meese*, 737 F.Supp. 663, 665 (D.D.C.1990).

Section 1391(b) provides that when a civil action is not premised solely upon diversity jurisdiction, it may (except as otherwise provided by law) be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

While it is unclear where ICE Agents Henderson and Martinez reside, it is clear that neither reside in the Western District of Louisiana. Moreover, according to the allegations in plaintiff's complaint and the exhibits attached thereto, ICE Agents Henderson and Martinez are stationed in the Dallas, Texas area. [*See* rec. doc. 1-4, p. 1]. Further, the events giving rise to plaintiff's claims occurred in Dale, Texas, where plaintiff's home and the property which was seized therefrom are located. Dale is located in Caldwell County, Texas; Caldwell County is located within the geographical confines of the Austin Division of the United States District Court for the Western District of Texas.

When venue is improper, the district court shall dismiss the case, or "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Given plaintiff's *pro se* status, the interests of justice are best served by transferring this case to the Austin Division of the United States District Court for the Western District of Texas, where this case could have been brought. Accordingly;

**IT IS RECOMMENDED** that plaintiff's civil complaint be **TRANSFERRED** to the Austin Division of the United States District Court for the Western District of Texas.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79

**F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana April 1, 2009.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE